# Supreme Court of Pennsylvania
## Court of Common Pleas
## Civil Cover Sheet

LACKAWANNA County

For Prothonotary Use Only:

Docket No: 15-CV-6839

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

## SECTION A

**Commencement of Action:**
- [x] Complaint
- [ ] Writ of Summons
- [ ] Petition
- [ ] Transfer from Another Jurisdiction
- [ ] Declaration of Taking

Lead Plaintiff's Name: CHRISTINA PRUKALA

Lead Defendant's Name: ADORE ME ET AL

Dollar Amount Requested: (check one)
- [x] within arbitration limits
- [ ] outside arbitration limits

Are money damages requested? [x] Yes [ ] No

Is this a *Class Action Suit*? [ ] Yes [x] No

Is this an *MDJ Appeal*? [ ] Yes [x] No

Name of Plaintiff/Appellant's Attorney: JOSEPH THOMAS SUCEC ESQ

[ ] Check here if you have no attorney (are a Self-Represented Pro Se Litigant)

## SECTION B

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your *PRIMARY CASE*. If you are making more than one type of claim, check the one that you consider most important.

**TORT** (do not include Mass Tort)
- [ ] Intentional
- [ ] Malicious Prosecution
- [ ] Motor Vehicle
- [ ] Nuisance
- [ ] Premises Liability
- [ ] Product Liability (does not include mass tort)
- [ ] Slander/Libel/Defamation
- [ ] Other:

**MASS TORT**
- [ ] Asbestos
- [ ] Tobacco
- [ ] Toxic Tort - DES
- [ ] Toxic Tort - Implant
- [ ] Toxic Waste
- [ ] Other:

**PROFESSIONAL LIABILITY**
- [ ] Dental
- [ ] Legal
- [ ] Medical
- [ ] Other Professional:

**CONTRACT** (do not include Judgments)
- [ ] Buyer Plaintiff
- [ ] Debt Collection: Credit Card
- [ ] Debt Collection: Other

- [ ] Employment Dispute: Discrimination
- [ ] Employment Dispute: Other

- [ ] Other:

**REAL PROPERTY**
- [ ] Ejectment
- [ ] Eminent Domain/Condemnation
- [ ] Ground Rent
- [ ] Landlord/Tenant Dispute
- [ ] Mortgage Foreclosure: Residential
- [ ] Mortgage Foreclosure: Commercial
- [ ] Partition
- [ ] Quiet Title
- [ ] Other:

**CIVIL APPEALS**
Administrative Agencies
- [ ] Board of Assessment
- [ ] Board of Elections
- [ ] Dept. of Transportation
- [ ] Statutory Appeal: Other

- [ ] Zoning Board
- [ ] Other:

**MISCELLANEOUS**
- [ ] Common Law/Statutory Arbitration
- [ ] Declaratory Judgment
- [ ] Mandamus
- [ ] Non-Domestic Relations Restraining Order
- [ ] Quo Warranto
- [ ] Replevin
- [x] Other:

Updated 1/1/2011

Joseph T. Sucec, Esq.
Attorney for Plaintiff
325 Peach Glen-Idaville Road
Gardners, PA 17324
717-315-2359
joesucec@comcast.net
PA74482

IN THE COURT OF COMMON PLEAS
LACKAWANNA COUNTY, PENNSYLVANIA

CHRISTINA PRUKALA : 
    plaintiff : 
  v. : No.
Adore Me : 
499 7th Avenue : 
19th Floor : 
New York, NY 10018 : 
and : CIVIL ACTION - LAW
JOHN DOES 1-10 : CLASS ACTION
and : JURY TRIAL DEMANDED
CORPORATIONS X,Y,Z. : 
    defendant : 

## COMPLAINT FOR DAMAGES

### INTRODUCTION

1   CHRISTINA PRUKALA ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Adore Me ("Defendant"), in violation of the Pennsylavania Unfair Trade Protection and Consumer Practices Law (UTPCPL) as well as alternate causes of actions of Breach of Contract and Unjust Enrichment. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorney.

# JURISDICTION AND VENUE

2   Jurisdiction is proper under 42 Pa. Code 931, which grants plenary jurisdiction to the Court of Common Pleas.

3   Because Plaintiff avers and alleges a state-wide class of victims of violations of both statutes listed above by Defendants, and aver that said class meets the criteria for class actions related in 231 Pa. Code 1700 et seq, (explained in detail in ensuing paragraphs), jurisdiction is also asserted for the Court of Common Pleas.

4   Further, Venue is proper in the Court of Common Pleas of this county as Plaintiff is at all times relevant, and still is, a resident of Lackawanna County, Pennsylvania

# PARTIES

5   Plaintiff is, and at all times mentioned herein was, a citizen and resident of the Commonwealth of Pennsylvania and, for the purposes of the statute purported to be violated here, a "person" as defined by 1 Pa.C.S. 1991 (referring to construction of Pennsylvania statutes)

6   Defendants are the following:

  a   Adore Me, 499 7th Avenue, 19th Floor, New York, NY 10018, is a corporate entity engaged in. among other enterprises, the selling of lingerie to individuals, and is similarly defined as a "person."

b   John Does 1-10, individuals or business entities whose identities are not known to Plaintiff at this time, but which will become known upon proper discovery. It is believed and averred that such Does played a substantial role in the commission of the acts (regarding all counts) described in this complaint.

c   X,Y,Z Corporations, business identities whose identities are not known to Plaintiff at this time, but which will become known upon proper discovery. It is believed and averred that such entities played a substantial role in the commission of the acts (regarding all counts) described in this complaint.

## FACTUAL ALLEGATIONS

7   Plaintiff is, and at all times mentioned herein were, a "person" as defined by 1 Pa.C.S. 1991

8   Defendant is, and at all times mentioned herein was, a corporation and "a person" as defined by 1 Pa.C.S. 1991

9   Defendant does extensive business in the Commonwealth.

10  Plaintiff, on or about July 1, 2015, placed an order with Defendant on Defendant's website, adoreme.com.

11  Plaintiff was given two options for shipping and delivery:

a   Full enrollment in Defendant's "VIP Membership," which, in exchange for a $39.95 monthly charge, grants the enrollee such benefits as free shipping and sporadic discounts on various items listed for sale

b   A 30-day "trial membership," which included free shipping.

12   At no point did Defendant's webpage offer the sale of items with no membership (but with the payment of shipping fees, for example), or an explanation that sales on said webpage were membership-only.

13   Under the reasonable belief that the option described at paragraph 11b of this Complaint imparted no obligation, Plaintiff chose the second option.

14   In fact, said option imparted an "Automatic Renewal Contract," whereby the consumer is asssessed a fee (credit/debit card information is required at the time of the original purchase) every thirty days unless the consumer effectively cancels before the commencement of that thirty day period. Said fee was/is $39.95.

15   Defendant's ancillary documentation for said "agreement" did not provide Plaintiff with a clear and unambiguous explanation of the terms listed in paragraph 14 of this Complaint.

16   Automatic renewal contracts are legal in Pennsylvania, but the terms therein must, as with any contract interpreted under Pennsylvania law, be clear and unambiguous Otis Elevator Co, v George Washington Hotel, et al, 27 F.3d 903 (3rd Cir. 1994) also see **Metzger v. Clifford Realty Corporation**, 476 A.2d 1, 5 (Pa. Super. 1984) (regardng ambiguity generally in contracts)

17   On or about October 1, 2015, upon discovering three successive charges of $39.95 on her debit card statement, Plaintiff attempted to cancel and repudiate any agreement she may have had with Defendant.

18   Defendant initially complied, refunding the $39.95 to Plaintiff's debit card, but then reversed course several hours later, assessing both the $119.85 and an additional $39.95 on Plaintiff's credit card.

19   Defendant still has not corrected the error of this filing.

## VICARIOUS LIABILITY

20   There is an implicit if not express contract between Defendant, and any agent, either under the employ of Defendant in which said agent was tasked with any part of the procedure so described in the paragraphs above.

21   Said contract creates a master-servant relationship between said agents and Defendant, rendering Defendant vicariously liable for any actions taken by said agents in the scope of said relationship, **Valles v. Albert Einstein Medical Center, 805 A.2d 1232, 1237 (Pa. 2002)**

22   Therefore, Defendant is responsible for any actions by agents, either tortious or violative of the relevant statute in this matter.

## CLASS ACTION ALLEGATIONS

23   Plaintiff brings this action on behalf of Plaintiff and on behalf of and all others similarly situated ("the Class").

24   This matter was filed in the Lackawanna County Pennsylvania Court of Common Pleas, so Pennsylvania law prevails regarding class determination in this matter.

25    The elements for a class action in Pennsylvania are contained within 231 Pa. Code 1702:

**Rule 1702. Prerequisites to a Class Action.**

One or more members of a class may sue or be sued as representative parties on behalf of all members in a class action only if

(1) the class is so numerous that joinder of all members is impracticable;
(2) there are questions of law or fact common to the class;
(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class;
(4) the representative parties will fairly and adequately assert and protect the interests of the class under the criteria set forth in Rule 1709; and
(5) a class action provides a fair and efficient method for adjudication of the controversy under the criteria set forth in Rule 1708.

26    Plaintiff represents and is a member of the Class, consisting of all persons within the Commonwealth who may have been enrolled by Defendant in its "VIP Membership" program.

27    Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the hundreds, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

28    This suit seeks only actual damages and injunctive relief for recovery of economic injury on behalf of the Class and is expressly not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

29   The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

30   There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

A   Whether, within the statutorily permitted period prior to the filing of the initial Complaint, Plaintiff, or any other class members were enrolled by Defendant in Defendant's "VIP Membership" program.

B   Whether Plaintiffs and the Class members were damaged by any statutory violation, and

C   Whether Defendant should be enjoined from engaging in such conduct in the future.

31   As a person who had been enrolled by Defendant in Defendant's "VIP Membership" program Plaintiff is asserting claims that are typical of the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

32   Plaintiff will fairly and adequately represent and protect the Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct.

33   If the Class is not certified for this action, the Class will continue to face the

potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

34   Absent a class Plaintiff has retained counsel experienced in handling class action claims

35   A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and Commonwealth law. Management of the claims inherent in this case is likely to present significantly fewer difficulties than those presented in many class claims.

36   Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

**COUNT I – Violations of the Pennsylavania Unfair Trade Protection and Consumer Practices Law (UTPCPL) (73 PS 201-1 et seq)**

37   Plaintiff incorporates by reference all previous paragraphs of this Complaint as though fully stated herein.

38   While not offering a private cause of action, 15 USC 8403 addresses automatic renewal contracts, offered as in the present instance, over the internet:

It shall be unlawful for any person to charge or attempt to charge any consumer for any

goods or services sold in a transaction effected on the Internet through a negative option feature (as defined in the Federal Trade Commission's Telemarketing Sales Rule in part 310 of title 16, Code of Federal Regulations), unless the person—

(1) provides text that clearly and conspicuously discloses all material terms of the transaction before obtaining the consumer's billing information;

(2) obtains a consumer's express informed consent before charging the consumer's credit card, debit card, bank account, or other financial account for products or services through such transaction; and

(3) provides simple mechanisms for a consumer to stop recurring charges from being placed on the consumer's credit card, debit card, bank account, or other financial account.

39  Defendant failed to do all three:

A  Said automatic renewal clause was neither clear nor conspicuous to Plaintiff.

B  Plaintiff's "consent," if obtained at all, was neither express to the terms of the alleged agreement including but not limited to the automatic renewal clause, and was not informed by any conspicuous or understandable language provided prior to obtaining Plaintiff's alleged agreement.

C  The "simple mechanism" for cancellation was nonexistent, as Defendant first allowed, then abjectly denied rescission when attempted by Plaintiff

40  Defendant is therefore in violation of 73 PS 201-2 (xxi), which prohibits "Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding"

41  Any mistake by Defendant would have included a mistake of law, but would not have been either a reasonable or bona fide mistake.

42  Plaintiff reserves the right to pierce the corporate veil under the doctrines of undercapitalization and alter ego.

## COUNT II – UNJUST ENRICHMENT

43  Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

44  To state a claim for unjust enrichment, the Plaintiff must allege that they conferred a benefit on the defendant, that Defendant appreciated the benefit under the circumstances and that Defendant accepted and retained the benefit without payment for value. **Burgettstown-Smith Twp. Joint Sewage Auth. v. Langeloth Townsite Co., 403 Pa. Super. 84, 588 A.2d 43, 45 (Pa. Super.1991).**

45  Pennsylvania allows for alternate pleading. Pa. R.C.P. 1020(c)

46  In the absence of a contract in the present matter, Defendant's conduct meets the criteria for unjust enrichment:

  A  A benefit, $159.80, was conferred on Defendant by Plaintiff.

  B  Said benefit was understood and held out by Defendant to be a "monthly enrollment" in Defendant's "VIP Membership"

  C  Defendant not only retained said benefit, but actually reimposed same when Plaintiff attempted to rescind her alleged agreement.

46  In the absence of a valid contract between the parties, Plaintiff must recover on the basis of Unjust Enrichment.

## COUNT III – BREACH OF CONTRACT

47  Plaintiffs incorporate the foregoing paragraphs as if the same were set forth at length herein.

48  Should this court find the presence of a valid contract between the parties. It should find Defendant in breach for:

　A　Enforcing unclear and ambiguous terms including but not limited to said automatic renewal clause

　B　Failing to properly cancel said contract upon Plaintiff's effective rescission as described in paragraphs 17 and 18 of this Complaint

## JURY TRIAL DEMAND

49  Plaintiff demands a trial by jury regarding this matter.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following:

a. As a result of Defendants' negligent violations of 73 PS 201-2 (xxi)., Plaintiff seeks for herself and each Class member any actual damages sustained as a result of Defendants' behavior violative of the statute, as well as relevant to the common law causes of action set forth here. Plaintiff estimates this total, including but not limited to lost time in dealing with said violations, and in seeking and contacting legal counsel for the purpose of exploring and commencing this litigation, at $1,000.

b. An incentive fee of $5,000.

c. Punitive damages of $10,000.

d. Reasonable attorneys fees for pursuit of this matter, at the rate of $500 per hour, as follows:

 1. Client consultation and review of file.  2.5

 2... Drafting of complaint, editing, review with client document processing and filing  1.5

 3. Service of process of writ and complaint  .25
                   _____
                   4.25 hours@$500/hour

For a total (attorneys fees) of $2,125.
For grand total of all damages of $18,125.
e. Injunctive relief prohibiting such actions by Defendant in the future.

f. $158.80 for monthly charges neither expressly agreed to by Plaintiff, or assessed after Plaintiff's attempt at rescission so described in paragraphs 17 and 18 of this Complaint.

f. Any other relief the Court may deem just and proper.

Respectfully submitted,

Date: 11/24/2015

/s/ Joseph T. Sucec, Esq.

Joseph T. Sucec, Esq.

IN THE COURT OF COMMON PLEAS
LACKAWANNA COUNTY, PENNSYLVANIA

CHRISTINA PRUKALA :
 plaintiff :
  :
v. : No.
  :
Adore Me :
499 7th Avenue :
19th Floor :
New York, NY 10018 :
and :
JOHN DOES 1-10 :
and :
CORPORATIONS X,Y,Z. : CIVIL ACTION - LAW
 defendant : CLASS ACTION
  : JURY TRIAL DEMANDED

# NOTICE

YOU HAVE BEEN SUED IN COURT. IF YOU WISH TO DEFEND AGAINST THE CLAIMS SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN TWENTY (20) DAYS AFTER THE COMPLAINT AND NOTICE ARE SERVED BY ENTERING A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND FILING IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU. YOU ARE WARNED THAT IF YOU FAIL TO DO SO THE CASE MAY PROCEED WITHOUT YOU AND A JUDGMENT MAY BE ENTERED AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY MONEY CLAIMED OR FOR ANY OTHER CLAIM OR RELIEF REQUESTED BY THE DEFENDANT. YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS IMPORTANT TO YOU.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Lackawanna Pro Bono, Inc.
321 Spruce St
Scranton, PA 18503
570-961-2714

North Penn Legal Services
Suite 300, 507 Linden Street
Scranton, PA 18503
Phone: (570) 342-0184 (800) 982-4387
Fax: (570) 342-4301

VERIFICATION STATEMENT

I verify that the statements made in the complaint are true and correct to the best of my knowledge and belief. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

Date: 11-25-15

*[signature: Christine Tarlor]*

My Showroom  Bras & Panties  Sleepwear  Corsets  Lingerie  5/$25 Panties  Plus Size  Collections

How It Works  Mobile APP  Take the Quiz  Sign In
Invite Friends, Get $15

# The New Face Of Lingerie

Adore Me is rocking the intimates industry, making dazzling lingerie affordable for all! With free shipping in the U.S. along with easy exchanges and returns, we bring the hottest styles directly to your doorstep. Discover adorable lingerie now!

**SEE MY SHOWROOM**

## SHOP YOUR WAY

### VIP Membership

Live the VIP life with Adore Me's monthly VIP Membership. Enjoy great lingerie plus tons of benefits!

- $10 OFF any style, any time!
- Your first style for $24.95!
- Every 6th set is on us!
- Free shipping and exchanges.
- Exclusive access to VIP only sales and sets.
- No obligation to buy, no membership fee.

### Pay As You Go

Try Adore Me out for size with our one-time payment option.

- Free shipping and exchanges.
- New lingerie showroom each month.

### How the VIP membership works

We think you'll love the flexible VIP Membership, there are tons of benefits and perks! Enjoy fashion-forward lingerie from $39.95, every 6th set free, exclusive VIP designs, sneak peeks and much more! You don't need to shop every month, all you need to do is visit your showroom before the fifth and either shop or skip.

We'll send you reminder emails, but if you forget, no worries! You'll be charged a $39.95 store credit to use anytime—and if you don't want this store credit, we have a convenient 30 day no-questions-asked refund policy. We think you'll adore the VIP life!

**GO SHOPPING**

| CUSTOMER CARE | ABOUT ADORE ME | GET SOCIAL |
|---|---|---|
| FREQUENTLY ASKED QUESTIONS | HOW IT WORKS | OUR STORY |
| CONTACT US | PRESS | GIFT CARDS |
| SHIPPING, EXCHANGES & RETURNS | BLOG | CAREERS |
| INVITE FRIENDS, GET $15 | 2014 ANNUAL REVIEW | REVIEWS |

© 2015 ADOREME.COM, ALL RIGHTS RESERVED.    PRIVACY POLICY    TERMS & CONDITIONS